F I L E D
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

JUN 7 2000

**TENTH CIRCUIT**

**PATRICK FISHER**
**Clerk**

CYNTHIA D. DEXTER,

     Plaintiff - Appellant,

v.

THE PRUDENTIAL INSURANCE
COMPANY OF AMERICA; BILL S.
PINKERTON; JOHN DEVANEY; JACK
PALMER; FRED DIMMEL, II; JIM
NOVACK; STEVE ZADEH,

     Defendants - Appellees.

No. 99-3137
(District of Kansas)
(D.C. No. 96-2192-KHV)

**ORDER AND JUDGMENT**[*]

Before **BRORBY** and **McWILLIAMS**, Circuit Judges, and **ELLISON**, Senior District
Judge.[**]

Plaintiff-Appellant, Cynthia Dexter, was employed as a sales representative for

Defendant-Appellee, Prudential. Prior to her employment she signed a U-4 form as part of

the requirements for registration as a representative affiliated with the National Association

---

[*]This order and judgment is not binding precedent, except under the doctrines of
law of the case, res judicata, and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir.R. 36.3.

[**] The Honorable James O. Ellison, Senior United States District Judge, Northern
District of Oklahoma, sitting by designation.

of Securities Dealers ("NASD"). The form contained a clause by which she agreed to arbitrate claims or controversies "required to be arbitrated under the rules, constitution or by-laws of the organizations with which I register ...". The NASD Code of Arbitration Procedure requires arbitration of any employment disputes.

On April 19, 1996 Plaintiff filed her complaint charging Prudential and certain individual Defendants with sexual harassment, maintenance of a hostile work environment, gender discrimination, and retaliation. On July 17, 1996, Defendants filed their first responsive pleading, a Motion to Compel Arbitration and to Stay Proceedings Pending Arbitration, citing the U-4 form signed by Dexter at the time of her employment. Plaintiff's response urged that the U-4 form was boiler-plate, that the effect of the agreement was not explained to her and that she was not provided with a copy of the NASD rules, which specified that employment matters were subject to arbitration.

On October 7, 1996, the District Court entered an order sustaining Defendants' Motion to Compel Arbitration and to Stay Proceedings Pending Arbitration "for the reasons stated in Defendants' memoranda." Defendants' memoranda in support of a stay and compelling arbitration relied in part on Armijo v. Prudential Insurance Company, 72 F.3d 793 (10th Cir. 1995). Armijo involved the same corporate defendant and the same U-4 application form having the same mandatory arbitration language as in the instant case. The Armijo court decided, in pertinent part, that "[q]uestions of arbitrability must be addressed with a healthy regard for the federal policy favoring arbitration", that the plaintiffs had

"failed to rebut the presumption of arbitrability," and that arbitration clauses must be interpreted liberally, and any doubts should be resolved in favor of arbitration." Id. at 797-98.

Defendants also relied, in their memoranda, on the holding of this court in Metz v. Merrill Lynch, Pierce, Fenner and Smith, 39 F.3d 1482 (10th Cir. 1994), wherein the Court stated, "our reading of Gilmer ... supports the conclusion that Title VII claims are subject to compulsory arbitration." Id., at 1487 (citing Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 111 S.Ct. 1647, 114 L.Ed.2d 26(1991)). Lastly, Defendants relied upon well-settled rules of contract law that a party to an agreement is charged with knowledge of the terms of the agreement in responding to Plaintiff's argument that she was unaware that the U-4 form contained mandatory arbitration language. See e.g., 17 Am. Jur. 2d Contracts §224(1991). Thus, the District Court compelled arbitration and stayed proceedings pending arbitration based on Armijo, Metz, and fundamental principles of contract law.

In October of 1997 Plaintiff's counsel withdrew from the case and new counsel filed a Motion to Reconsider the Court's Order of Stay and Compelling Arbitration. The motion to reconsider was based upon a theory that Prudential's election not to invoke its right to arbitration during administrative proceedings before the EEOC and the Kansas Human Rights Commission (KHRC) constituted a waiver of such right. Plaintiff's first charge was filed with the EEOC in August of 1993. Thereafter, Plaintiff filed three separate charges with the KHRC in October 1993, August 1994 and April 1995. Prudential participated in

these administrative proceedings.

Prudential responded to Plaintiff's Motion to Reconsider Order of Stay by urging that an employer cannot waive its right to arbitrate by participating in proceedings at the administrative level, urging that the EEOC and KHRC proceedings are considered non-adversarial and conciliatory, designed to reach a settlement of issues. The District Court on October 29, 1997 overruled plaintiff's Motion to Reconsider the Order of Stay and Compelling Arbitration, again "for the reasons stated in Defendants' Response to Plaintiff's Motion to Reconsider Order of Stay."

The matter proceeded to arbitration which resulted in a denial of each of Plaintiff's claims. The fairness or propriety of the arbitration award is not an issue on appeal. The two issues for review are whether the District Court was correct in its original Order of Stay and Compelling Arbitration and its Order denying Appellant's Motion to Reconsider that Order.

This Court reviews the district court's grant of a Motion to Compel Arbitration and its Motion to Reconsider the Order of Stay and Compelling Arbitration *de novo* applying the same legal standard employed by the District Court. Mid-America Federal Sav. and Loan Ass'n. v. Shearson/American Express, Inc., 886 F.2d 1249, 1259. (10th Cir. 1989).

Although the orders appealed from provide little guidance to this appellate court, the applicable law is clear. Armijo, Metz, and fundamental principles of contract law are dispositive.

Clearly the District Court was correct on both issues. This Court, in Armijo,

addressed the identical issue involving the same Defendant and a U-4 form having the same mandatory arbitration language and affirmed a district court's decision to compel arbitration. There is no compelling factual distinction which would require a different result in this case.

With respect to the argument of waiver, the <u>Metz</u> Court specifically discussed the factors to consider in determining whether a party has waived its right to arbitration:

> (1)whether the party's actions are inconsistent with the right to arbitrate; (2) whether "the litigation machinery has been substantially invoked" and the parties "were well into preparation of a lawsuit" before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) "whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place"; and (6) whether the delay "affected, misled, or prejudiced: the opposing party.

<u>Metz</u>, 39 F.3d at 1489 (citations omitted). We conclude, in considering these factors, that no waiver took place. The Defendant here, when litigation was commenced, filed as its first responsive pleading, a "Motion to Compel Arbitration and to Stay Proceedings Pending Arbitration" meeting the requirement of <u>Metz</u>. There was no waiver of arbitration, only a timely demand for it.

In addition, the Supreme Court of the United States, in <u>Gilmer v. Interstate/Johnson Lane Corp.</u>, in addressing whether an ADEA claim is precluded from arbitration, stated: ". . . the mere involvement of an administrative agency in the enforcement of a statute is not sufficient to preclude arbitration." Clearly it was not contemplated that participation in administrative proceedings would operate to waive a contractual right to arbitration.

The decision of the District Court is Affirmed.

Entered for the Court

James O. Ellison
Senior United States District Judge